DECISION. *Page 2 
{¶ 1} Petitioner-appellant Anthony Blackwell presents on appeal three assignments of error, in which he contends that the common pleas court erred in denying his petition for postconviction relief. We dismiss the appeal because it was not taken from a "final order [or] judgment."
 {¶ 2} In 1999, Blackwell was convicted on four counts of felonious assault and two counts of aggravated robbery. We affirmed the convictions on appeal.[1]
 {¶ 3} In August of 2006, Blackwell filed with the common pleas court a postconviction petition under R.C. 2953.21 et seq. On March 9, 2007, he asked the court to rule on his petition by filing a "Motion Requesting Final Adjudication of Petition for Postconviction Relief Pursuant to O.R.C. 2701.02." On March 19, the state responded to Blackwell's postconviction claims by filing a "Motion Denying [sic] Defendant's Motion to Vacate Sentence." On March 22, the common pleas court placed of record its "Entry Overruling Defendant's Motion Requesting Final Adjudication of Petition for Postconviction Relief Pursuant to O.R.C. 2701.02." On April 11, Blackwell filed the notice of appeal from which this appeal derives.
 {¶ 4} In his notice of appeal, Blackwell proposed to appeal "the final order of March 19, 2007, denying [his] motion to vacate sentence." But the only filing docketed on March 19 was the state's "Motion Denying [sic] Defendant's Motion to Vacate Sentence," in which the state argued for the dismissal of Blackwell's postconviction petition. Three days later, the common pleas court entered judgment overruling Blackwell's "Motion Requesting Final Adjudication of Petition for *Page 3 
Postconviction Relief Pursuant to O.R.C. 2701.02." But this entry did not address the claims advanced in his postconviction petition.
 {¶ 5} A court of appeals has jurisdiction to review only the "judgment or final order" of an inferior court.[2] R.C. 2505.02
defines a "final order," in relevant part, as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 6} The state's March 19, 2007, "Motion Denying [sic] Defendant's Motion to Vacate Sentence" was not an order of the court. And the court's March 22 "Entry Overruling Defendant's Motion Requesting Final Adjudication of Petition for Postconviction Relief Pursuant to O.R.C. 2701.02" neither affected a substantial right nor effectively determined, or prevented a judgment in, the proceedings upon Blackwell's postconviction petition.
 {¶ 7} We are, therefore, without jurisdiction in the appeal. Accordingly, we do not reach the merits of the assignments of error, and we dismiss the appeal.
Appeal dismissed.
PAINTER, P. J., HENDON and DINKELACKER, JJ.
[1] See State v. Blackwell (Dec. 15, 1999), 1st Dist. No. C-990318.
[2] See Section 3(B)(2), Article IV of the Ohio Constitution; see, also, R.C. 2505.03. *Page 1